

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) Case No. 17-01129 |
| | ) (Chapter 7) |
| KATHLEEN ANN SODERMARK, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| DANE S. FIELD, Chapter 7 Trustee of the Estate of ANN SODERMARK, | ) ADV. PRO. NO. 18-90024 |
| | ) |
| Plaintiff, | ) ESTABLISHED FACTS AND |
| | ) CONCLUSIONS OF LAW RE: |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) SUMMARY JUDGMENT AS TO |
| CIT BANK, N.A., | ) COMPLAINT FILED ON 8/7/18 [AP |
| | ) DKT. NOS. 9-12] |
| Defendant. | ) |
| | ) Date: October 19, 2018 |
| | ) Time: 10:00 a.m. |
| | ) Judge: Honorable Robert J. Faris |
| | ) |
| | ) (Related to AP Dkt Nos. 1, 7, 9-12 & |
| | ) 18) |
| | ) |
| | ) Trial Date: None |

ESTABLISHED FACTS AND CONCLUSIONS OF LAW
RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS TO COMPLAINT FILED ON 8/7/18 [AP DKT. NOS. 9-12]

Plaintiff DANE S. FIELD, Chapter 7 Trustee of the Estate of KATHLEEN ANN SODERMARK's Motion For Summary Judgment As To Complaint Filed On 8/7/18 came on for hearing on October 19, 2018 at 10:00 a.m. before the Honorable Robert J. Faris, United States Bankruptcy Judge. Susan Tius, Esq., appeared for Plaintiff, and Jesse W. Schiel, Esq., appeared for Defendant CIT Bank, N.A. Defendant CIT BANK, N.A. filed a Statement of No Position on October 4, 2018. Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court enters the following established findings and conclusions of law:

## ESTABLISHED FACTS

1. Plaintiff DANE S. FIELD is the Chapter 7 Trustee of the Estate of KATHLEEN ANN SODERMARK, the above-named Debtor ("Debtor Kathleen").

2. On October 26, 2017, Debtor Kathleen filed a Voluntary Petition under Chapter 7 and Plaintiff was appointed as Trustee.

3. On January 31, 2018 Debtor Kathleen received her discharge and the case was terminated.

4. On June 13, 2018, the Chapter 7 case was reopened and Plaintiff was reappointed as Trustee.

5. The purpose of reopening the Chapter 7 case is to administer Debtor Kathleen's interests under Bankruptcy Code § 541(a)(5) arising from the death on November 26, 2017 of Debtor Kathleen's Aunt, Jean H. Gilbert ("Aunt Jean"), which interests are property of Debtor Kathleen's Estate.

6. Plaintiff filed a Complaint for Declaratory Relief on August 7, 2018.

7. Defendant CIT BANK, N.A. ("Defendant Bank") filed its Answer on September 11, 2018.

8. Debtor Kathleen, the Debtor herein, formerly was known as "Kathleen Ann Callahan" (prior married name) and "Kathleen Ann Lucas" (maiden name), and sometimes has been referred to by the nicknames of "Kate," "Katie" and "Kathy."

9. Debtor Kathleen is the niece of Jean H. Gilbert, who passed away on November 26, 2017 (referred to as "Aunt Jean").

10. Debtor Kathleen's father, now deceased, is the brother of Jean H. Gilbert.

11. Defendant Bank admits it is holding funds in accounts owned by Aunt Jean at the time of her death consisting of a Premium Checking Account Number

U.S. Bankruptcy Court - Hawaii   #18-90024   Dkt # 23   Filed 10/22/18   Page 3 of 12

XXXXXX5023 and an Individual CD Account Number XXXXXX3037 (collectively "the Accounts"), located at the Downey Branch of Defendant Bank.

12. Defendant Bank admits it relies on an IndyMac Federal Bank Master Agreement (Signature Card)(Consumer Accounts) dated May 22, 2009 signed by Aunt Jean, which provides a block checked as "Revocable/Totten Trust" and in typewritten print states the Account title as "Jean H. Gilbert ITF Katherine Sodermark."

13. Defendant Bank admits it creates a customer record for everyone associated with an account, even though they may not actually be the customer. The record relied on by Defendant Bank, prepared by Defendant Bank or its predecessor, relating to the Accounts reflect the "Katherine Sodermark," shows the birthdate of beneficiary "Katherine Sodermark" in 1955. The Customer Profile is not signed by Aunt Jean.

14. Defendant Bank admits it is uncertain as to whether Debtor Kathleen is the Totten Trust beneficiary of the Accounts and has declined Plaintiff's request and instructions to pay out the proceeds of the Accounts to Debtor Kathleen's Estate. Defendant requires a Court Order from a Court of competent jurisdiction determining that Debtor Kathleen is the beneficiary of the Accounts.

4

U.S. Bankruptcy Court - Hawaii   #18-90024   Dkt # 23   Filed 10/22/18   Page 4 of 12

15. Debtor Kathleen has provided the following statements in her declaration, which have not been controverted:

    a. She was born in 1952.

    b. She does not recall that her birthdate was known to Aunt Jean, that she was ever asked for a specific birthdate or that she discussed her birthday with Aunt Jean.

    c. Over the years, Debtor Kathleen travelled with Aunt Jean and was in contact with Aunt Jean by telephone calls and by skype. The two of them communicated about and/or were together for certain family events and holidays.

    d. The IndyMac Federal Bank Master Agreement (Signature Card)(Consumer Accounts) is dated May 22, 2009. In 2009, Debtor Kathleen spoke on the phone with Aunt Jean quite a lot. In June 2009 Debtor Kathleen's daughter got married and had a child. Aunt Jean came to Hawaii for the wedding and spent a few weeks with the family. Debtor Kathleen's mother, son and his wife, cousin from Germany, and other relatives also came to Hawaii for the wedding.

16. Aunt Jean named Gregory Gilbert as successor Trustee and Debtor Kathleen as a second Successor Trustee under her Trust Agreement for the Jean H.

5

U.S. Bankruptcy Court - Hawaii   #18-90024   Dkt # 23   Filed 10/22/18   Page 5 of 12

Gilbert 2012 Trust.

17. Counsel for Plaintiff has certified that Gregory Gilbert, through his California counsel, was provided with a copy of the Complaint commencing this adversary proceeding and a copy of the Motion for Summary Judgment and related filings.

18. Aunt Jean appointed Debtor Kathleen as Agent to make health care decisions for her and to act in her name as authorized by the Advance Health Care Directive for Jean H. Gilbert dated June 12, 2012. After Aunt Jean's death, Debtor Kathleen states she assisted in making arrangements for disposition of Aunt Jean's body and signed documents required by the mortuary.

19. The Obituary for Aunt Jean from the San Gabriel Valley Tribune published on December 24, 2017 references her birth in 1929 and her date of death as November 26, 2017. It lists Debtor, Kathleen Ann Sodermark, as Aunt Jean's niece (available at:

https://www.legacy.com/obituaries/sgvtribune/obituary.aspx?page=lifestory&pid=187624359). There is no one by the name of "Katherine Sodermark" referenced in that obituary as part of Aunt Jean's family.

20. Debtor Kathleen states she knows of no one named "Katherine Sodermark."

21. Debtor Kathleen is the beneficiary of a Capital One Bank account maintained by Aunt Jean and proceeds of that account of more than $39,000 were paid to Debtor Kathleen by check dated August 1, 2018, and turned over to the Bankruptcy Estate.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).

2. Plaintiff's Complaint is an adversary proceeding for declaratory relief brought pursuant to Fed. R. Bankr. P. 7001(2) and 7001(9).

3. To the extent this Court may determine that this action or the claims made herein do not constitute a core proceeding, Plaintiff has consented to the entry of final orders or judgment by this Court, subject to Plaintiff's rights of appeal from any adverse final order or judgment of this Court.

4. Venue of this Adversary Proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Plaintiff's Motion is filed pursuant to Fed. R. Bankr. P. 7008, 7056, 9033, Fed. R. Civ. P. 8, 56 and 57, 11 U.S.C. § 541(a)(1) and 28 U.S.C. § 2201.

6. An actual case or controversy has arisen and now exists between Plaintiff and Defendant.

7. Fed. R. Bankr. P. 7056(a) applying Fed. R. Civ. P. 56(a)-(c) to adversary proceedings, provides that a party may move for summary judgment on all or part of a claim.

8. Summary judgment must be granted if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

9. In seeking summary judgment, the moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

10. Once the moving party meets this burden, the non-moving party must respond with evidence to support denial of the motion. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The evidence presented by the non-moving party must consist of "specific facts" rather than "mere allegations in the pleadings" or a "hope that something can be

U.S. Bankruptcy Court - Hawaii    #18-90024    Dkt # 23    Filed 10/22/18    Page 8 of 12

developed at trial in the way of evidence to support its claim." T.W. Elec., supra, 809 F.2d at 630. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. National R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003). There are no genuine issues where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

11. While the Court views the facts in the light most favorable to the non-moving party, only inferences that are "rational or reasonable," based on the "specific facts" set forth by the non-moving party, and are "otherwise permissible under the governing substantive law" may be drawn. T.W. Elec., supra, 809 F.2d at 631.

12. Fed. R. Civ. P 57, Declaratory Judgment, provides that the Federal Rules of Civil Procedure govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. 28 U.S.C. § 2201.

13. **"**Law and equity allow the Court to award declaratory relief to prevent or redress fraud or injustice or protect the rights of third persons." In re Cabebe, 2017 WL 2062850, at *10 (Bankr. D. Haw. May 11, 2017), as corrected (May 15, 2017).

14. In order to determine whether a dispute is ripe for adjudication, a court must ask whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In re Clark, 536 B.R. 450, 455–56 (Bankr. D. Haw. 2015). A substantial controversy does not involve a speculative or "abstract disagreement"; a dispute should be "of sufficient immediacy and reality to warrant" deciding the case. Id.

15. "[A]s a general rule, the construction and legal effect to be given a contract is a question of law." Burmeister v. Cty. of Kaua'i, 2018 WL 2050131, at *3 (D. Haw. May 2, 2018) citing Found. Int'l, Inc. v. E.T. Ige Const., Inc., 78 P.3d 23, 30–31 (Haw. 2003).

16. "Terms of a contract should be interpreted according to their plain, ordinary, and accepted use in common speech, unless the contract indicates a different meaning. See Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 85, 108–09, 839 P.2d 10, 24 (1992). 'Intent becomes a question of

10

fact only where the language of the contract is ambiguous and casts a doubt as to the intent of the parties.' Soukop v. Snyder, 6 Haw.App. 59, 63, 709 P.2d 109, 112 (1985)." Fawkner v. Atlantis Submarines, Inc., 135 F. Supp. 2d 1127, 1132 (D. Haw. 2001).

17. Defendant Bank has declined Plaintiff's request for payment of the Account proceeds to Debtor Kathleen's Estate. An actual case or controversy has arisen and now exists between Plaintiff and Defendant.

18. A declaratory judgment will terminate the uncertainty which is the basis for this proceeding.

19. The Court concludes that Plaintiff has met his burden of proof by properly supporting the motion for summary judgment with pleadings, documents, stipulations, admissions, and declarations as evidence that there is no genuine issue as to a material fact. Defendant CIT Bank, N.A. filed a Statement of No Position on October 4, 2018.

20. The Court concludes that Plaintiff is entitled to summary judgment as to the Complaint filed on August 7, 2018.

21. Debtor Kathleen is the beneficiary of the Accounts held by Defendant Bank, that the Accounts are property of Debtor's Estate.

11

U.S. Bankruptcy Court - Hawaii   #18-90024   Dkt # 23   Filed 10/22/18   Page 11 of 12

22. Defendant Bank is obligated to pay the proceeds of such Accounts to Debtor's Estate.

APPROVED AS TO FORM


*/s/Jesse W. Schiel*
JESSE W. SCHIEL
Attorney for Defendant CIT Bank, N.A.


**END OF ESTABLISHED FACTS AND CONCLUSIONS OF LAW RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COMPLAINT FILED ON 8/7/18 [AP DKT. NOS. 9-12]**

Submitted by:

RUSH MOORE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

SUSAN TIUS    2873
737 Bishop Street, 24th Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-0406
Facsimile No. (808) 521-0497
E-mail: Stius@rmhawaii.com

Attorney for Plaintiff DANE S. FIELD,
Chapter 7 Trustee of the Estate of
KATHLEEN ANN SODERMARK